In the Matter of the Application of Walter Thomas BYRD, For a Certificate of Probable Cause.

Misc. No. 415.

United States Court of Appeals, Ninth Circuit.

Feb. 4, 1955.

Ralph R. Rubin, San Francisco, Calif., for petitioner.

No appearance for respondent.

Before HEALY, BONE and POPE, Circuit Judges.

PER CURIAM.

This is a petition for certificate of probable cause for an appeal from denial of petitioner's application for a writ of habeas corpus to the United States District Court for the Northern District of California, Southern Division.

Byrd was convicted of murder in the first degree in the Superior Court of Ventura County, California. His conviction was affirmed by the Supreme Court of California on February 4, 1954, and a rehearing there denied March 3, 1954. People v. Byrd, 42 Cal.2d 200, 266 P.2d 505. Certiorari to the Supreme Court of the United States was denied October 14, 1954, 348 U.S. 848, 75 S.Ct. 73. Now, more than three months later, and on the day set for his execution he seeks a writ of habeas corpus in the District Court and upon its denial and the denial of a certificate of probable cause there, asks for a certificate of probable cause and a stay of execution to permit an appeal to this court.

The grounds set out in his petition present no federal question. He does assert that certain tape recordings of a statement made by him to the District Attorney were improperly read in evidence at his trial without prior proof that the confession made therein was given voluntarily. He further asserts that he was intoxicated not only at the time of the killing but at the time of making this statement on the day following.

The petition for the Writ in the court below sets forth no facts that contradict the statement in the opinion of the Supreme Court of the State of California, 42 Cal.2d 200, 266 P.2d 505, that when the confession was offered there was no objection made by the petitioner that a proper foundation had not been laid or

**222**

that the contents thereof were made involuntarily. The sole objection was to the effect that the recordings were offered as a part of the cross-examination of petitioner, whereas they should have been used as a part of the State's case in chief.

Plainly this question of order of proof presents no federal question and the denial of petitioner's contentions with respect to the claim that his confession was not voluntary was properly based upon a State ground. The petitioner by failing to make the required objection in the trial court had failed to employ a remedy available to him under the State's procedure. Brown v. Allen, 344 U.S. 443, 483, 486, 487, 503, 73 S.Ct. 397, 97 L.Ed. 469.

The petition for a certificate of probable cause is denied.